UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CHARLES LANGWELL, and JENNIFER TENWICK, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

FLOOR AND DECOR OUTLETS OF AMERICA, INC.; and DOES 1 through 10, inclusive,

Defendants.

Case No.: 25-cv-1326-BJC-DEB

**ORDER:**

**(1) GRANTING MOTION TO STAY (ECF No. 32); and**

**(2) DENYING AS MOOT JOINT MOTION TO CONTINUE DISCOVERY DEADLINES (ECF No. 35)**

Before the Court is Defendant Floor and Decor Outlets of America, Inc.'s ("Defendant") Motion to Stay this Action pending the Court's ruling on Defendant's Motion to Compel Arbitration ("Motion to Stay"). ECF No. 32. Also before the Court is the Parties Joint Motion to Continue Discovery Deadlines ("Joint Motion"). ECF No. 35.

Defendant filed the Motion to Stay on September 22, 2026. ECF No. 35. On October 5, 2026, Plaintiffs filed a non-opposition to the Motion to Stay. ECF No. 36. In the non-opposition, Plaintiffs state that they do "not believe it is appropriate nor in the putative class's interest to stipulate to stay this matter further . . . However, Plaintiff also believes that it is not in Plaintiff or the putative class's best interest to spend time and resources opposing Defendant's Motion and any potential argument at the appellate level

that may result, and such resources are better suited in litigating this matter if the Court believes this litigation should continue . . ." *Id.* at 2.

In determining whether a stay is appropriate, the Court must consider the particular circumstances and competing interests involved, and should consider:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision*, 45 F.3d 322, 325 (9th Cir. 1995). It is within the Court's discretion to grant or deny a stay after weighing these factors. *Id.*

Having considered these factors, the Parties' positions, and the procedural posture of this case, the Court finds that a short stay is appropriate until the Court resolves the Motion to Compel Arbitration. Accordingly, the Clerk of Court is **DIRECTED** to vacate all pending deadlines and **STAY** this action. Upon resolution of the Motion to Compel Arbitration (ECF No. 9), the Court will issue an amended scheduling order, should it be deemed necessary.

Having stayed this action, the Joint Motion is **DENIED AS MOOT**. ECF No. 35. Any outstanding discovery dispute will be resolved after the Court issues its order on Defendant's Motion to Compel Arbitration.

**IT IS SO ORDERED.**

Dated: October 30, 2026

Honorable Benjamin J. Cheeks
United States District Judge